UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE LONG BRIGHT SHINGARA, et al., | : | No. 4:25-CV-925 |
| | : | |
| | : | (Mehalchick, J.) |
| Plaintiffs | : | |
| | : | (Caraballo, M.J.) |
| v. | : | |
| | : | |
| FRANK GARRIGAN, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

The undersigned respectfully recommends that the Court dismiss and close this suit for failure to prosecute. Plaintiffs Christine Shingara, Adam Shingara, and Erica Shingara (collectively "the Shingaras"),[1] proceeding pro se, failed to comply with the undersigned's

---

[1] In addition to this action, the Shingaras initiated at least 11 other cases in the Middle District of Pennsylvania since 2024. The 11 suits include: (1) *Shingara v. Cent. Keystone Fed. Credit Union*, No. 4:24-CV-1592 (Adam and Erica only); (2) *Shingara v. Northumberland Cnty. Tax Off.*, No. 4:24-CV-1593 (Adam and Erica only); (3) *Shingara v. Kauffman*, No. 4:24-CV-1634; (4) *Shingara v. Line Mountain Sch. Dist.*, No. 4:24-CV-1659 (Adam and Erica only); (5) *Shingara v. Northumberland Cnty. Tax & Assessment Off.*, No. 4:24-CV-1799; (6) *Shingara v. The Ritescreen Co., LLC*, No. 1:24-CV-1995 (Erica only); (7) *Shingara v. Shingara*, No. 4:25-CV-21 (Christine only); (8) *Shingara v. Ramkumar*, No. 4:25-CV-22 (Adam and Christine only); (9) *Shingara v. Cent. Keystone Fed. Credit Union*, No. 4:25-CV-295; (10) *Shingara v. Northumberland Cnty. Jail*, No. 4:25-CV-1071 (Adam only); and (11) *Shingara v. Northumberland Cnty.*, No. 1:25-CV-1072 (Adam only). The undersigned further notes that, in at least 2 of those 11 suits, judges of the Court recommended or ordered dismissal due to the Shingaras' failures to pay the filing

directive to either pay filing fees or submit individual motions for leave to proceed in forma pauperis. As the Shingaras have also ceased litigating this action for approximately 11 months, the undersigned concludes that they have willfully abandoned this action, and that dismissal is therefore warranted.

## I.    <u>Background</u>

On May 23, 2025, the Shingaras commenced this action against seven individuals and entities. Doc. 1. Although the allegations in the complaint are difficult to discern, the Shingaras appear to assert federal criminal charges against the defendants, arising out of an allegedly fraudulent county court eviction proceeding. *See generally id.* The Shingaras also filed a collective motion for leave to proceed in forma pauperis. Doc. 2. On May 29, 2025, the undersigned, having reviewed the collective motion, denied it without prejudice, and directed the Shingaras to file individual motions. Doc. 4. The undersigned explained that the motion was incomplete and invalid, as Third Circuit precedents hold that Title 28, United States Code, Section 1915(a)(1)

---

fees and move for leave to proceed in forma pauperis: (1) *Northumberland Cnty. Tax*, No. 4:24-CV-1799; and (2) *Northumberland Cnty. Jail*, No. 4:25-CV-1071.

does not permit "multiple pro se litigants to obtain in forma pauperis statuses through a single, collective application." *Id.* at 1–3. The Order of May 29, 2025, required the Shingaras to either submit separate motions for leave to file in forma pauperis, or pay the filing fees within 21 days. *Id.* at 4.

Subsequently, copies of the undersigned's Order of May 29, 2025, were returned as undeliverable, with notations indicating that the Shingaras' address on the docket was "insufficient." Docs. 5–7. To date, approximately 11 months after the undersigned's Order, the Shingaras neither complied with the Order, updated their addresses, nor indicated a desire to continue litigation by prosecuting this action.

## II.    Discussion

The undersigned recommends that this action be dismissed and closed for the Shingaras' failure to prosecute, as they neither paid their filing fees, moved for leave to proceed in forma pauperis, provided valid addresses, nor otherwise indicated their intent to continue litigation. The Court may dismiss an action "if the plaintiff fails to prosecute a case or to comply with court rules or . . . orders," as here. *Silbermonn v. Veterans Admin. Med. Ctr.*, 2021 WL 1705228, at *1–2 (M.D. Pa. 2021);

3

Fed. R. Civ. P. 41(b).  This "dismissal is a drastic sanction[,] . . . reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  Such procedural histories constitute "substantial circumstances in support of" dismissals, *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019), contrary to the default preference for "reaching . . . decision[s] on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam) (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).

The Court of Appeals summarized the six factors that Third Circuit courts must consider in deciding whether dismissal is warranted under Rule 41(b) in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).  The six factors are:

> (1) the extent of the party's *personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of *dilatoriness*; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

4

*Id.* at 868 (emphases added and omitted). "[N]o single . . . factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Further, "[n]ot all of these factors need be met" for a valid Rule 41(b) dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the [trial] court[.]" *Silbermonn*, 2021 WL 1705228, at *1 (citing *Emerson*, 296 F.3d at 190).

Here, the Shingaras' conduct satisfies all of the *Poulis* factors warranting dismissal. Regarding the first factor (personal responsibility), "[a] *pro se* litigant is personally responsible for failure to comply with the court's rules and orders[.]" *Id.* A pro se litigant's responsibilities include maintenance of a current address on the record:

> a party by whom or on whose behalf an initial paper is offered for filing [without] represent[ation] . . . shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions[,] or papers in the action may be served upon such party.

M.D. Pa. L. R. 83.18. The Shingaras fell short of that requirement. *See* Docs. 5–7. Since the Shingaras are proceeding pro se, they "bear[] all of the responsibility for any failure in the prosecution of [their] claims."

*See Tindell v. Dep't of Corr.*, 2012 WL 3522530, at *1 (W.D. Pa. 2012). The first inquiry thus advises dismissal.

The second consideration (prejudice to adversary) becomes applicable if "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. And such a scenario becomes relevant if, as here, the Court must be mindful of the possibility that, "[g]oing forward, . . . failure to litigate would prejudice the defendant[s], who[,] without timely responses by [the Shingaras,] c[an]not seek a timely resolution of the case." *See Silbermonn*, 2021 WL 1705228, at *2. The second query, too, favors dismissal.

The third factor (dilatoriness) requires the Court to examine this case's history. The factor becomes applicable if, as here, the plaintiff fails to leave a forwarding address, and neglects to notify the Court of a current address for an extended period. *See, e.g., Moyer v. Prime Care, Inc.*, 2019 WL 4302250, at *2 (M.D. Pa. 2019); *Graciano-Suazo*, 2019 WL 1239694, at *2 (M.D. Pa. 2019); *Lofton v. Wetzel*, 2016 WL 6082095, at *2 (M.D. Pa. 2016). This inaction, coupled with the premise that "a party's problematic acts must be evaluated in light of its

6

behavior over the life of the case," *Adams*, 29 F.3d at 875, leads to the conclusion that the third inquiry weighs in favor of dismissal as well. *See id.*; *see also Smith v. Black*, 2005 WL 2431097, at *2 (M.D. Pa. 2005) ("dilatoriness . . . outweighs any of the other considerations[.]").

Under the fourth consideration (willfulness or bad faith), "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. Intent may be found in a pro se plaintiff's failure to update his or her whereabouts, which evinces "willful disregard of the Court's authority," *see Moyer*, 2019 WL 4302250, at *2, and "leads to an inference that [the plaintiff] has willfully abandoned this case." *See Silbermonn*, 2021 WL 1705228, at *2. The fourth query thus also advises dismissal.

The fifth factor (alternative sanctions) is guided by, among other things, the principle that "[a]lternative sanctions, such as monetary penalties, are inappropriate with indigent parties." *Tindell*, 2012 WL 3522530, at *1. So here. "[The Shingaras are] proceeding pro se, and given [their] refusal or inability to pay the filing fee, there is no evidence to suggest that paying monetary sanctions will remedy [their] deficiencies. Therefore, monetary sanctions would not be effective in

7

this case." *See Silbermonn*, 2021 WL 1705228, at *2. Indeed, as the Shingaras have failed to provide the Court with a means of communication, any alternative sanctions would be fruitless. Therefore, the fifth inquiry favors dismissal.

Finally, the sixth consideration (meritoriousness) concerns the meritoriousness of the Shingaras' claims. The failure to pay a filing fee or submit an appropriate in forma pauperis application renders adjudication of this case on its merits impossible. *See Johnson v. Nutter*, 2016 WL 7217642, at *3 (E.D. Pa. 2016) (noting that court should not assess complaint's merits before evaluating litigant's financial status). In any event, a "claim will be deemed meritorious when the [complaint's] allegations . . . , if established at trial, would support recovery." *Silbermonn*, 2021 WL 1705228, at *3 (citing *Poulis*, 747 F.2d at 870).

Here, the complaint, to the extent it can be discerned, may present several jurisdictional issues. First, the Shingaras appear to assert violations of federal criminal statutes that provide no private right of action. *See Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (per curiam) ("federal question jurisdiction could not

be premised on . . . alleged violations of criminal statutes as they neither authorize civil actions nor create civil liabilities." (citations omitted)).  Second, the Shingaras appear to challenge a county court eviction proceeding, which may be beyond the Court's jurisdiction.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).  This final inquiry therefore weighs in favor of dismissal.

The *Poulis* analysis thus militates dismissal.  Moreover, the failure to pay a filing fee or submit a complete application to proceed in forma pauperis, after being specifically advised of those requirements, warrants dismissal.  *See, e.g., Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011) (per curiam) (affirming "the order of the District Court dismissing the complaint without prejudice for failure to either pay the filing fee or submit a complete motion to proceed in forma pauperis." (emphasis omitted)).  Accordingly, the undersigned recommends that the complaint be dismissed, and this action be closed.

9

## III. Conclusion

For the reasons set forth above, it is **RECOMMENDED** that:

1.   The complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and

2.   The Clerk's Office be **DIRECTED** to **TERMINATE** all of the defendants, and **CLOSE** this case.

The Shingaras are placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or

recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3.  Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.  *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

Date:  April 21, 2026                    *s/ Phillip J. Caraballo*
                                         Phillip J. Caraballo
                                         United States Magistrate Judge